OPINION
On November 11, 1996, appellee Stark County Department of Human Services filed a complaint seeking temporary custody of John Oravec, II., (Date of Birth: 04-14-96). Appellant Jean Oravec, the child's mother, and John Oravec, Jr., the child's father, stipulated to a finding of dependency of the child. The child was found to be dependent, and temporary custody was granted to appellee. A case plan was filed requiring that both parents attend Quest for evaluation and recommendations. The father was to receive anger management assessment and therapy, appellant was to continue counseling with West Care, and appellant was to obtain and maintain independent housing. The child was returned to appellant with protective supervision on August 12, 1997. Legal custody was returned to appellant, subject to protective supervision, on September 5, 1997. In October of 1997, appellant was arrested for DUI, driving under suspension, and child endangering. She was driving while intoxicated with John, who was 18 months old at the time, on her lap. In addition, appellant had violated a no-contact order and allowed the father to have access to the child. Temporary custody was returned to DHS. In May of 1998, the child was sent on an extended visit with appellant, and DHS filed a motion to return the child to appellant's custody with protective supervision. In August, appellee discovered that the mother had violated the no-contact order with the father in June, and during the resulting altercation appellant's arm was broken. The child was again removed from appellant's care, and appellee filed a motion for permanent custody. The matter proceeded to a trial in the Stark County Common Pleas Court, Family Court Division. Following a hearing, the court terminated appellant's parental rights, and awarded permanent custody of John to appellee. Appellant assigns a single error:
ASSIGNMENT OF ERROR
 THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
There was abundant evidence to support the court's finding that the child could not be placed with the mother within reasonable time. Appellant testified on cross-examination. She testified that pursuant to her case plan, she was to obtain appropriate housing, go to Quest, attend parenting classes, and address her mental health issues. She testified that she had appropriate housing. She further testified that she had been diagnosed as alcohol dependent, and had been through drug abuse treatment at Quest, Glenbeigh, and Molly Stark. She testified that she had been convicted of three DUI offenses, the most recent being in October, 1999, at which time she had her son on her lap. She testified that after this incident, she entered Quest Deliverance House, where she remained for 30 days. While she successfully completed the program, she stated that she had relapsed since completion of her treatment in February of 1998. She admitted that she had been drinking on and off since February of 1998, and drank when her son was with her. Appellant also testified concerning her mental health problems. She testified that her main problem is that she enters a catatonic state of some type, causing numerous hospitalizations. In the three to four months preceding trial, appellant guessed she had been hospitalized approximately five times. Appellant admitted that while the child was with her, she allowed the father to have contact with him, despite a no-contact order. She admitted that the father continued to be violent towards her, and some of the violence occurred while the son was with them. She admitted that he broke her arm on one occasion, resulting in surgery. Shortly thereafter, she engaged in sexual intercourse with the father, following which he punched her, leaving bruises on her face. Appellant's case manager with NOVA also testified. He stated that appellant had a long history of non-compliance with the agency regarding her mental health appointments and drug and alcohol treatment. A counselor from Quest Deliverance House testified that appellant had been diagnosed as alcohol dependent and referred to treatment. She struggled through the program, but ultimately did complete the program. While she had been told to return to residential treatment if she ever relapsed on alcohol, Quest had no further contact with appellant after her discharge in February of 1998. Tammy Lowe, appellant's former DHS social worker, testified that she was assigned to the case in November of 1996, through March of 1997. She testified that there were concerns of violence between the parents, and that appellant has significant mental health and psychiatric problems. Appellant would experience breakdowns where she would become comatose. Due to comatose breakdowns, appellant was hospitalized twice during the time period on which Ms. Lowe had the case. Marge Kazlauskas, the on-going DHS social worker, also testified concerning her involvement with the family since March of 1997. During the time in which she had the case, at least two physical altercations occurred between appellant and her husband, and appellant had been hospitalized at least four times. Appellant had stated in the past that she was going to divorce the father, but never followed through. She did not feel the child could be placed with either parent due to the father's complete failure to comply with the case plan, appellant's mental health issues, and the continuing violence between the parents. There was abundant evidence to support the court's finding that the child could not be placed with appellant within a reasonable time. DHS attempted on two occasions to return the child to the mother's custody, and on both occasions he had to be removed soon thereafter. The evidence reflected that appellant continued to have on-going problems with alcohol and mental health issues which where not addressed. The assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed.
By GWIN, P.J., HOFFMAN, J., and EDWARDS, J., concur